| | |
|---|---|
| OUR CHILDREN'S EARTH FOUNDATION, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW WHEELER, in his official capacity as Acting Administrator of the United States Environmental Protection Agency,<br><br>Defendant. | Civil Case No. 18-cv-04765<br><br>**CONSENT DECREE** |

CONSENT DECREE

WHEREAS, Plaintiff Our Children's Earth Foundation ( "OCE" or "Plaintiff") filed its Complaint on August 7, 2018, against Defendant Andrew Wheeler, in his official capacity as Acting Administrator of the EPA ("EPA"), pursuant to section 304(a)(2) of the Clean Air Act ("CAA" or "the Act"), 42 U.S.C. § 7604(a)(2), to compel EPA to review the existing New Source Performance Standards ("NSPS") governing Bulk Gasoline Terminals ("Bulk Gasoline NSPS") and Electric Arc Furnaces and Argon-Oxygen Decarburization Vessels in Steel Plants ("Furnaces NSPS") under CAA section 111, 42 U.S.C. § 7411, and to review the existing National Emissions Standards for Hazardous Air Pollutants ("NESHAP") governing Gasoline Distribution Facilities (Bulk Gasoline Terminals and Pipeline Breakout Stations) ("Major Source Bulk Gasoline NESHAP"); Gasoline Distribution Bulk Terminals, Bulk Plants, and Pipeline Facilities ("Area Source Bulk Gasoline NESHAP"); Iron and Steel Foundries Area Sources ("Foundries NESHAP"); and Wood Preserving Area Sources ("Wood Preserving NESHAP") under CAA section 112(d)(6), 42 U.S.C. § 7412(d)(6);

WHEREAS, EPA issued the Furnaces NSPS, set forth in 40 C.F.R. Part 60, Subparts AA and AAa, in 1984;

WHEREAS, EPA issued the Bulk Gasoline NSPS, set forth in 40 C.F.R. Part 60, Subpart XX in 1983;

WHEREAS, EPA issued the Major Source Bulk Gasoline NESHAP, set forth in 40 C.F.R. Part 63, Subpart R, in 2006;

WHEREAS, EPA issued the Area Source Bulk Gasoline NESHAP, set forth in 40 C.F.R. Part 63, Subpart BBBBBB, in 2008;

WHEREAS, EPA issued the Foundries NESHAP, set forth in 40 C.F.R. Part 63, Subpart ZZZZZ, in 2008;

WHEREAS, EPA issued the Wood Preserving NESHAP, set forth in 40 C.F.R. Part 63, Subpart QQQQQQ, in 2007;

Proposed Consent Decree - 1 -

WHEREAS, Plaintiff alleges that EPA has failed to perform a non-discretionary duty to review, and if appropriate revise, the Furnaces NSPS and Bulk Gasoline NSPS at least every 8 years pursuant to 42 U.S.C. § 7411(b)(1)(B);

WHEREAS, Plaintiff alleges that EPA has failed to perform a non-discretionary duty to review, and revise if necessary, the Major Source Bulk Gasoline NESHAP, Area Source Bulk Gasoline NESHAP, Foundries NESHAP, and Wood Preserving NESHAP no less often than every 8 years pursuant to 42 U.S.C. § 7412(d)(6);

WHEREAS, beginning on June 1, 2020, EPA will be providing Plaintiff with status reports every 180 days to inform Plaintiff whether the Agency continues to make reasonable progress toward meeting the deadlines provided in this Consent Decree, and if it anticipates any difficulties in meeting those dates, providing an explanation of the difficulty or difficulties;

WHEREAS, Plaintiff and EPA (collectively "the Parties") wish to effectuate a settlement of the above-captioned matter without expensive and protracted litigation, and without admission of any issue of law or fact;

WHEREAS, the Parties consider this Consent Decree to be an adequate and equitable resolution of the claims in the above-captioned matter;

WHEREAS, EPA has completed the process for public notice and comment required by CAA section 113(g), 42 U.S.C. § 7413(g); and

WHEREAS, the Court, by entering this Consent Decree, finds that this Consent Decree represents a fair, equitable, and adequate resolution of the claims resolved herein;

NOW THEREFORE, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. This Court has jurisdiction over the claims set forth in the Complaint, and to order the relief contained in this Consent Decree, pursuant to section 304 of the Act, 42 U.S.C. § 7604. The United States does not contest venue in the United States District Court for the Northern District of California

pursuant to 28 U.S.C. § 1391(e). Additionally, the United States stipulates that venue is not improper under section 304 of the Act, 42 U.S.C. § 7604.

2. For the **Electric Arc Furnaces and Argon-Oxygen Decarburization Vessels in Steel Plants** source category:

   a. No later than November 1, 2021, EPA shall either: (i) sign a determination that "review is not appropriate in light of readily available information on the efficacy of [the] standard," *i.e.*, 40 C.F.R. Part 60, Subparts AA and AAa ("NSPS Subparts AA & AAa"), under section 111(b)(1)(B) of the Act, 42 U.S.C. § 7411(b)(1)(B); or (ii) review NSPS Subparts AA & AAa under section 111(b)(1)(B) and sign either: (A) a proposed rule containing revisions to NSPS Subparts AA & AAa; or (B) a proposed determination not to revise NSPS Subparts AA and AAa.

   b. If EPA signs a proposed rule or a proposed determination pursuant to paragraph 2.a(ii) above, then no later than November 1, 2022, EPA shall sign either: (i) a final rule containing revisions to NSPS Subparts AA and AAa under section 111(b)(1)(B) of the Act, 42 U.S.C. § 7411(b)(1)(B); or (ii) a final determination under section 111(b)(1)(B) not to revise NSPS Subparts AA and AAa.

3. For the **Bulk Gasoline Terminals** source category:

   a. No later than December 1, 2021, EPA shall either: (i) sign a determination that "review is not appropriate in light of readily available information on the efficacy of [the] standard," *i.e.*, 40 C.F.R. Part 60, Subpart XX ("NSPS Subpart XX"), under section 111(b)(1)(B) of the Act, 42 U.S.C. § 7411(b)(1)(B); or (ii) review NSPS Subpart XX under section 111(b)(1)(B) and sign either: (A) a proposed rule containing revisions to NSPS Subpart XX; or (B) a proposed determination not to revise NSPS Subpart XX.

   b. If EPA signs a proposed rule or a proposed determination pursuant to paragraph 3.a(ii) above, then no later than December 1, 2022, EPA shall sign either: (i) a final rule

containing revisions to NSPS Subpart XX under section 111(b)(1)(B) of the Act, 42 U.S.C. § 7411(b)(1)(B); or (ii) a final determination under section 111(b)(1)(B) not to revise NSPS Subpart XX.

4. For the **Gasoline Distribution Facilities (Bulk Gasoline Terminals and Pipeline Breakout Stations)** source category,

   a. No later than December 1, 2021, EPA shall review the Major Source Bulk Gasoline NESHAP and sign either: (i) a proposed rule containing revisions to the Major Source Bulk Gasoline NESHAP, 40 C.F.R. Part 63, Subpart R ("NESHAP Subpart R"), under section 112(d)(6) of the Act, 42 U.S.C. § 7412(d)(6); or (ii) a proposed determination under section 112(d)(6) not to revise NESHAP Subpart R.

   b. No later than December 1, 2022, EPA shall sign either: (i) a final rule containing revisions to NESHAP Subpart R under section 112(d)(6) of the Act, 42 U.S.C. § 7412(d)(6); or (ii) a final determination under section 112(d)(6) not to revise NESHAP Subpart R.

5. For the **Gasoline Distribution Bulk Terminals, Bulk Plants, and Pipeline Facilities** source category,

   a. No later than December 1, 2021, EPA shall review the Area Source Bulk Gasoline NESHAP and sign either: (i) a proposed rule containing revisions to the Area Source Bulk Gasoline NESHAP, 40 C.F.R. Part 63, Subpart BBBBBB ("NESHAP Subpart BBBBBB"), under section 112(d)(6) of the Act, 42 U.S.C. § 7412(d)(6); or (ii) a proposed determination under section 112(d)(6) not to revise NESHAP Subpart BBBBBB.

   b. No later than December 1, 2022, EPA shall sign either of the following: (i) a final rule containing revisions to NESHAP Subpart BBBBBB under section 112(d)(6) of the Act,

42 U.S.C. § 7412(d)(6); or (ii) a final determination under section 112(d)(6) not to revise NESHAP Subpart BBBBBB.

6. For the **Iron and Steel Foundries Area Sources** source category, no later than August 31, 2020, EPA shall sign either of the following: (i) a final rule containing revisions to the Foundries NESHAP, 40 C.F.R. Part 63, Subpart ZZZZZ ("NESHAP Subpart ZZZZZ") under section 112(d)(6) of the Act, 42 U.S.C. § 7412(d)(6); or (ii) a final determination under section 112(d)(6) not to revise NESHAP Subpart ZZZZZ.

7. For the **Wood Preserving Area Sources** source category,

   a. No later than March 1, 2022, EPA shall review the Wood Preserving NESHAP and sign either: (i) a proposed rule containing revisions to the Wood Preserving NESHAP, 40 C.F.R. Part 63, Subpart QQQQQQ ("NESHAP Subpart QQQQQQ"), under section 112(d)(6) of the Act, 42 U.S.C. § 7412(d)(6); or (ii) a proposed determination under section 112(d)(6) not to revise NESHAP Subpart QQQQQQ.

   b. No later than March 1, 2023, EPA shall sign either: (i) a final rule containing revisions to NESHAP Subpart QQQQQQ under section 112(d)(6) of the Act, 42 U.S.C. § 7412(d)(6); or (ii) a final determination under section 112(d)(6) not to revise NESHAP Subpart QQQQQQ.

8. Upon signing any of the documents described in Paragraphs 2-7, the appropriate EPA official shall expeditiously forward it or them to the Office of the Federal Register for publication.

9. Within five (5) business days after forwarding the materials described in Paragraphs 2-7 to the Office of the Federal Register, EPA shall send copies of such materials to Plaintiff.

10. The deadlines set forth in Paragraphs 2-7 hereof may be modified only by: (a) written stipulation of the Parties with notice to the Court; or (b) the Court following motion of any party to this Consent Decree, pursuant to the Federal Rules of Civil Procedure, and upon consideration of any response by the non-moving party.

11. The Parties shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree. Upon entry, no party shall challenge the terms of this Consent Decree.

12. Except as provided herein, nothing in this Consent Decree shall be construed to limit or modify any discretion accorded to EPA by the CAA or by general principles of administrative law in taking the actions that are the subject of this Consent Decree.

13. Nothing in this Consent Decree shall be construed to confer upon this Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals pursuant to CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1). Nothing in the terms of this Consent Decree shall be construed to waive, limit, or modify any remedies, rights to seek judicial review, or defenses the Parties may have under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1).

14. Any notices required or provided for by this Consent Decree shall be made in writing, via email or other means if the documents cannot be readily transmitted via email, and sent to the following:

For Plaintiff Our Children's Earth:

Christopher A. Sproul, Esq.
Environmental Advocates
5135 Anza Street
San Francisco, CA 94121
Tel: (415) 533-3376
Fax: (415) 358-5695
Email: csproul@enviroadvocates.com

Annie Beaman
Our Children's Earth Foundation
1625 Trancas St. #2218
Napa, CA 94558
(510) 910-4535
Email: annie.beaman@gmail.com

For Defendant Wheeler:

Chief, Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611

Washington, DC 20044
Tel: (202) 514-2219

Associate General Counsel, Air and Radiation Law Office
Office of General Counsel
U.S. Environmental Protection Agency
WJC: MC-2344A
1200 Pennsylvania Ave., N.W.
Washington, DC 20460
Tel.: (202) 564-7606
Fax: (202) 564-5603

15. The obligations imposed on EPA under this Consent Decree can only be undertaken using appropriated funds. No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that EPA obligate funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable statute. The Parties recognize that the possibility exists that a lapse in the appropriations that fund EPA could delay compliance with the timetables in this Consent Decree. If a lapse in appropriations for EPA occurs within 120 days before any deadline in this Consent Decree, that deadline shall be automatically extended one day for each day of the lapse in appropriations. Nothing in this paragraph shall preclude EPA from seeking an additional extension through stipulation of the Parties or modification of this Consent Decree under Paragraph 10.

16. In the event of a dispute between the Parties concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with a written notice outlining the nature of the dispute and requesting informal negotiations. The Parties shall meet and confer to attempt to resolve the dispute. If the Parties cannot reach an agreed-upon resolution within ten (10) business days after receipt of the notice, any party may move the Court to resolve the dispute.

17. No motion or other proceeding seeking to enforce this Consent Decree or for contempt of court shall be filed unless the procedure set forth in Paragraph 16 has been followed.

18. The Court shall retain jurisdiction to determine and effectuate compliance with this Consent Decree. When EPA's obligations under Paragraphs 2-9 have been completed, and the Plaintiff's anticipated claims for costs of litigation have been resolved, the above-captioned matter shall be

dismissed with prejudice. EPA shall file the appropriate notice with the Court so that the Clerk may close the file.

19. If for any reason the Court declines to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of either Party and the Proposed Consent Decree's terms may not be used as evidence in any litigation between the Parties.

20. The Parties treat this Consent Decree as jointly drafted, and any rules of construction that construe any ambiguities in this document against the drafting party shall be inapplicable in any dispute concerning the interpretation of this Consent Decree.

21. The undersigned representatives of each Party certify that they are fully authorized by the Party or parties they represent to bind that Party to the terms of this Consent Decree.

IT IS SO ORDERED this 10th day of May, 2019

_____
Hon. William Orrick
United States District Judge

For Plaintiff

/S/Christopher Sproul
Christopher Sproul (State Bar No. 126398)
ENVIRONMENTAL ADVOCATES
5135 Anza Street
San Francisco, California 94121
Telephone: (415) 533-3376
Facsimile: (415) 358-5695
Email: csproul@enviroadvocates.com,

Attorney for Plaintiff
Our Children's Earth Foundation

Dated: 5/8/2019

For Defendant

Jeffrey Bossert Clark
Assistant Attorney General
Environment & Natural Resources Division

/S/Simi Bhat
Simi Bhat
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044

Dated: 5/9/2019

I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/S/) within this e-filed document.